UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GUARDIAN GARAGE MIDWEST, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>POLYGUARD GARAGE OF TEXAS, LLC, DALLAS GLENN, JORDAN GLENN, and CRESS GLENN,<br><br>    Defendants. | CASE NO.:<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Guardian Garage Midwest, LLC ("Guardian"), Plaintiff, complains of Defendants Dallas Glenn, Jordan Glenn, Cress Glenn, and Polyguard Garage of Texas, LLC and as grounds therefore would respectfully show unto the Court as follows:

**Parties**

1. Plaintiff Guardian Garage Midwest, LLC is a limited liability company organized under the laws of Texas with a place of business within this District in Dallas, Texas. Plaintiff previously operated under the name Guardian Garage DAL, LLC. Plaintiff possesses both the standing and the capacity to file suit in this Court.

2. Defendant Dallas Glenn is an individual who, upon information and belief, has a place of business within this District at 820 MacArthur Blvd., Suite 105-122 in Coppell, Dallas County, Texas.

3. Defendant Jordan Glenn is an individual who, upon information and belief, has a place of business within this District at 7150 East Grand Avenue in Dallas, Dallas County, Texas.

4. Defendant Cressa Glenn is an individual who, upon information and belief, has a place of business within this District at 7150 East Grand Avenue in Dallas, Dallas County, Texas.

5. Defendant Polyguard Garage of Texas, LLC ("Polyguard") is a limited liability company organized under the laws of Texas with, upon information and belief, a place of business within this District at 7150 East Grand Avenue in Dallas, Dallas County, Texas. Polyguard may be served by and through its registered agent, United States Corporation Agents, Inc., located at 9900 Spectrum Drive, Austin, Williamson County, Texas 78717.

**Jurisdiction and Venue**

6. This Court has jurisdiction over these disputes pursuant to 13 U.S.C. 1331 (federal question jurisdiction) and 13 U.S.C. 1367 (supplemental jurisdiction).

7. Venue is proper in the Northern District of Texas because all defendants to this action reside in the Northern District of Texas and a substantial part of the facts and omissions giving rise to this claim occurred in the Northern District of Texas.

**C.
Facts**

8. Prior to September 22, 2022, Defendant Dallas Glenn had been a member of the Plaintiff limited liability company.

9. On or about September 22, 2022, Plaintiff gave notice to Defendant Dallas Glenn of its intent to redeem his membership interest in Plaintiff. Despite his initial refusals of the offered redemption sum, Defendant Dallas Glenn entered into a Redemption Agreement that day with Plaintiff, to take effect on September 30, 2022 (the "Redemption Agreement").

10. Among the terms of the Redemption Agreement, Defendant Dallas Glenn acknowledged that he had previously had access to Plaintiffs' Confidential Information and

agreed that he would "maintain the Confidential Information in strict confidence . . . not communicate, disclose or make available all or any part of the Confidential Information to any person(s) or entity . . . and use his best efforts to prevent inadvertent disclosure of all or any part of the Confidential Information to any third party." He also agreed that he would not "exploit or attempt to exploit, commercially or otherwise, appropriate for [his] use or reproduce in any form, all or any part of the Confidential Information unless specifically authorized by [Plaintiff] to do so in writing."

11. The Redemption Agreement provided that a breach of the covenant to preserve the Confidential Information by Defendant Dallas Glenn would entitle the Plaintiff to liquidated damages in the amount of $1,000 per day for the duration of the breach, in addition to its reasonable attorney fees should it prevail in an action for breach of that covenant.

12. In the course of its business, Plaintiff Guardian maintained certain confidential business information and, given its value in interstate commerce, took reasonable measures to preserve its secrecy.

13. During his employment with Plaintiff Guardian, Defendant Dallas Glenn was authorized to access and use Guardian's confidential business information, which Guardian used in interstate commerce. Such authorization was terminated simultaneously with Defendant Dallas Glenn's employment with Plaintiff Guardian.

14. Upon information and belief, Defendant Dallas Glenn retained certain confidential business information belonging to Plaintiff Guardian after the termination of his employment and after his execution of the Redemption Agreement.

15. Upon information and belief, Defendant Dallas Glenn disseminated Plaintiff Guardian's confidential business information without Guardian's consent to co-Defendants

Polyguard, Jordan Glenn and Cressa Glenn and all co-Defendants used such confidential information with the knowledge that it was:

    a. derived from or through a person who had used improper means to acquire it;

    b. acquired under circumstances giving rise to a duty to maintain the secrecy or limit the usage of the confidential information; and/or

    c. derived from or through a person, namely Defendant Dallas Glenn, who owed a duty to Plaintiff Guardian to maintain the secrecy or limit the usage of the said confidential information.

16. Upon information and belief, Defendant Dallas Glenn disseminated Plaintiff Guardian's confidential business information without Guardian's consent to co-Defendants Polyguard, Jordan Glenn, and Cressa Glenn, despite the fact that, prior to the termination of his employment with Plaintiff Guardian, Defendant Dallas Glenn knew or had reason to know that the confidential information was a trade secret and that his knowledge of the trade secret had been acquired by accident or mistake.

17. On or about January 19, 2023, Defendants Jordan Glenn and Cressa Glenn registered a Certificate of Formation with the Texas Secretary of State for Defendant Polyguard.

18. At all relevant times, Defendants Jordan Glenn and Cressa Glenn have been listed as members of Defendant Polyguard.

19. At all relevant times, upon information and belief, Defendant Dallas Glenn has been closely involved in the operation of Defendant Polyguard, using and providing to his co-Defendants certain Confidential Information obtained from Plaintiff.

20. Upon information and belief, Defendants Dallas Glenn, Jordan Glenn, and Cressa Glenn have acted in concert to misappropriate the Plaintiff's confidential information in the

operation of Defendant Polyguard both before and after the filing of its Certificate of Formation with the State of Texas.

21. Since the formation of Defendant Polyguard, the Defendants have used Plaintiff's intellectual property for the marketing of Defendant Polyguard's services. Such intellectual property includes, but is not limited to, certain photographs (the "Photographs") posted on Defendant Polyguard's website. Those photographs are the property of Plaintiff, and were first published on Plaintiff's Facebook page no later than December 1, 2021 – over one year before Defendant Polyguard was formed.

22. On April 11, 2023, Plaintiff served written demands and notices to cease and desist ("the Demand") upon all defendants via email and FedEx. The Demand sought liquidated damages, an immediate takedown of the photographs from Defendant Polyguard's website, confirmation that Defendant Dallas Glenn is not in possession of Plaintiff's confidential or proprietary information, and a promise to immediately cease and desist from the unauthorized use of Plaintiff's intellectual property, confidential information, trade secrets, or other proprietary information.

23. As of the filing of this Complaint, no Defendant has given any response to the Demand.

24. On May 5, 2023, Plaintiff registered the Photographs with the Copyright Office of the Library of Congress, registration no. VA 2-345-460.

## COUNT I

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

25. Plaintiff restates and incorporates the contents of all previous paragraphs as though fully set forth herein.

26. At all relevant times, Plaintiff owned a valid copyright over the Photographs.

27. Defendant Polyguard Garage copied Plaintiff's Photographs without attribution or compensation, for use in its own promotional materials.

28. Defendants Dallas Glenn, Jordan Glenn, and Cressa Glenn, acting with the knowledge that unauthorized use of the Photographs would infringe upon Plaintiff's copyright, induced, caused, or materially contributed to Polyguard's infringement of Plaintiff's copyright and are therefore liable for contributory infringement of the copyright.

29. Defendants infringed upon Plaintiff's copyright by publishing the Photographs to Polyyguard's website, whether the published material was identical or otherwise substantially similar to the copyrighted Photographs.

30. As a result of the Defendants' infringing activities, Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, Guardian Garage Midwest, LLC demands judgment in its favor for its actual damages, statutory damages, reasonable attorney fees and costs, and for such other and further relief to which Guardian Garage Midwest, LLC may show itself entitled, at law or in equity.

## COUNT II

## BREACH OF CONTRACT

31. Plaintiff restates and incorporates the contents of all previous paragraphs as though fully set forth herein.

32. Plaintiff and Defendant Dallas Glenn had a valid contract, to wit the Redemption Agreement.

33. Plaintiff performed its obligations under the Redemption Agreement.

34. Defendant Dallas Glenn breached the Redemption Agreement through the following actions:

   a. Dallas Glenn, whether directly or with the assistance of one or more additional parties, has upon information and belief disclosed Plaintiff's Confidential Information to third parties, including co-Defendants Polyguard Garage, Jordan Glenn and Cressa Glenn without Plaintiff's consent;

   b. Dallas Glenn, whether directly or with the assistance of one or more additional parties, has upon information and belief exploited or attempted to exploit Plaintiff's Confidential Information without Plaintiff's consent,

   c. Dallas Glenn, whether directly or with the assistance of one or more additional parties, has upon information and belief appropriated for his own use Plaintiff's Confidential Information without Plaintiff's consent;

   d. Dallas Glenn, whether directly or with the assistance of one or more additional parties, has upon information and belief reproduced Plaintiff's Confidential Information without Plaintiff's consent.

35. Plaintiff has sustained both actual and liquidated damages as a result of Defendant Dallas Glenn's breach of the Redemption Agreement.

WHEREFORE, the Plaintiff, Guardian Garage Midwest, LLC demands judgment in its favor for its actual damages, its liquidated damages as set forth in the Redemption Agreement, its reasonable attorney fees and costs pursuant to the Redemption Agreement and TEX. CIV. PRAC. & REM. CODE § 38.002 *et seq.*, and for such other and further relief to which Guardian Garage Midwest, LLC may show itself entitled, at law or in equity.

## COUNT III

## TEXAS UNFAIR COMPETITION – COMMON LAW MISAPPROPRIATION

36. Plaintiff restates and incorporates the contents of all previous paragraphs as though fully set forth herein.

37. From its inception and prior to its entry into the Redemption Agreement with Defendant Dallas Glenn, Plaintiff created and maintained its confidential information through extensive time, labor, skill and money.

38. Defendants' use of Plaintiff's confidential information in competition with Plaintiff afforded Defendants a special "free ride" advantage in that competition because Defendants are burdened with little or none of the expense incurred by Plaintiff.

39. As a result of Defendants' use of Plaintiff's Confidential Information, Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, Guardian Garage Midwest, LLC demands judgment in its favor for its actual damages, its reasonable attorney fees and costs, and for such other and further relief to which Guardian Garage Midwest, LLC may show itself entitled, at law or in equity.

## COUNT IV

## CIVIL CONSPIRACY

40. Plaintiff restates and incorporates the contents of all previous paragraphs as though fully set forth herein.

41. Upon information and belief, Dallas Glenn conspired with Jordan Glenn to engage in the following unlawful acts:

    a. Infringement upon Plaintiff's copyright; and

    b. Misappropriation of Plaintiff's Confidential Information.

42. Upon information and belief, Dallas Glenn conspired with Cressa Glenn to engage in the following unlawful acts:

    a. Infringement upon Plaintiff's copyright; and

    b. Misappropriation of Plaintiff's Confidential Information.

43. Upon information and belief, Jordan Glenn conspired with Cressa Glenn to engage in the following unlawful acts:

    a. Infringement upon Plaintiff's copyright; and

    b. Misappropriation of Plaintiff's Confidential Information.

44. As a result of any or all of the foregoing combinations of efforts to engage in unlawful activity, Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, Guardian Garage Midwest, LLC demands judgment in its favor for its actual damages, its reasonable attorney fees and costs, and for such other and further relief to which Guardian Garage Midwest, LLC may show itself entitled, at law or in equity.

## COUNT V

## INJUNCTIVE RELIEF

45. Plaintiff restates and incorporates the contents of all previous paragraphs as though fully set forth herein.

46. Defendants continue to use and retain Plaintiff's copyrighted works and confidential information without authorization despite demands that such actions cease and desist.

47. Absent an order of this Court directing the Defendants to cease and desist, Plaintiff suffers and will continue to suffer irreparable injury.

48. Plaintiff's ongoing injuries suffered through the Defendants continued use and retention of Plaintiffs' copyrighted work and confidential information far outweigh any harm to the Defendants through the issuance of injunctive relief.

49. The issuance of an injunction barring Defendants from further use and retention of Plaintiff's copyrighted works and confidential information is not adverse to the public interest.

50. The Plaintiff has a substantial likelihood of success on the merits in this action.

WHEREFORE, the Plaintiff, Guardian Garage Midwest, LLC demands temporary and permanent injunctive relief barring Defendants from the further use of Plaintiff's copyrighted material and the further use and retention of Plaintiff's confidential information for such other and further relief to which Guardian Garage Midwest, LLC may show itself entitled, at law or in equity.

WHEREFORE, the Plaintiff, Guardian Garage Midwest, LLC demands its actual damages, its liquidated damages as set forth in the Redemption Agreement, its statutory damages, its attorney fees and costs temporary and permanent injunctive relief barring Defendants from the further use of Plaintiffs' copyrighted material and the further use and retention of Plaintiff's confidential information for such other and further relief to which Guardian Garage Midwest, LLC may show itself entitled, at law or in equity.

## JURY DEMAND

Plaintiff Guardian Garage demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that after trial and hearing, that judgment be entered in favor of Plaintiff by and through the following:

a. Actual damages;

b. Consequential damages;

c. Statutory Damages;

d. Exemplary damages;

e. Declaratory judgment that Defendants' conduct is a violation of the terms and conditions of the contract between the parties; specifically, but not limited to, such conduct is a breach of the Redemption Agreement;

f. Injunctive relief enjoining Defendants from any infringement, misappropriation, or encroachment of the Plaintiff's copyrighted material and confidential information;

g. Pre-judgment interest;

h. Reasonable and necessary attorney's fees and costs;

i. Post-judgment interest; and

j. Such other and further relief to which the Plaintiff may show themselves justly entitled.

Respectfully submitted,

**SILBERMAN LAW FIRM PLLC**

By: /s/ *Steve Costello*

Steven A. Costello
Texas Bar No. 24062677
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Telephone: (512) 360-9526
Facsimile: (512) 318-2462
Email: scostello@silblawfirm.com

**ATTORNEYS FOR PLAINTIFF
GUARDIAN GARAGE MIDWEST, LLC**