IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUARDIAN GARAGE MIDWEST LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1581-N-BK |
| | § | |
| POLYGUARD GARAGE OF TEXAS LLC, | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS & RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference,* Doc. 23, *Plaintiff's Motion for Final Default Judgment*, Doc. 65, is before the undersigned magistrate judge for the issuance of findings and a recommended disposition.  Upon review, the motion should be **GRANTED IN PART.**

## I. BACKGROUND

### A. Factual Background

On July 14, 2023, Plaintiff Guardian Garage Midwest LLC ("Guardian"), initiated this civil action against individuals Dallas Glenn, Jordan Glenn, and Cressa Brooke Glenn (collectively, the "Individual Defendants"), and business entity Polyguard Garage of Texas, LLC ("Polyguard").  Doc. 1.  This suit arises out of the Individual Defendants' alleged conspiracy to misappropriate Guardian's confidential business information for use in the formation and operation of Polyguard, an LLC in which the Individual Defendants are members or otherwise closely involved.  Doc. 1 at 4-5.

Guardian alleges that, prior to September 2022, Defendant Dallas Glenn was both a member and employee of Guardian.   Doc. 1, ¶ 8.  In that capacity, Dallas Glenn was allegedly authorized to access and use Guardian's confidential business information.  Doc. 1, ¶¶ 8, 13. Guardian alleges that this authorization was revoked when the parties executed a "Redemption Agreement," which terminated Dallas Glenn's employment and extinguished his membership interest in the corporation.  Doc. 1, ¶¶ 9, 13.  Under the Agreement, Dallas Glenn allegedly acknowledged his prior access to Guardian's confidential information and agreed, among other terms, not to "disclose or make available all or any part of the Confidential Information to any person(s) or entity" or "exploit or attempt to exploit" it for commercial or other purposes without Guardian's express authorization.  Doc. 1, ¶ 10.

Guardian alleges that, after the agreement was executed, Dallas Glenn violated its terms by disclosing Guardian's "confidential business information" to the co-defendants without its consent.  Doc. 1, ¶¶ 15-16.  Guardian further alleges that, sometime thereafter, on or about January 19, 2023, Individual Defendants Jordan and Cressa Glenn formed Polyguard by filing a certificate of formation with the Texas Secretary of State.  Doc. 1, ¶¶ 17-21.  Guardian contends that since Polyguard's formation, the Individual Defendants have "acted in concert to misappropriate" Guardian's confidential information in operating the entity and "have used Guardian's intellectual property for the marketing of Polyguard's services."  Doc. 1, ¶ 21. According to Guardian, "such intellectual property includes, but is not limited to, certain photographs" belonging to Guardian that were posted on Polyguard's website.  Doc. 1, ¶ 21.

Based on these allegations, Guardian asserts claims against the Defendants for copyright infringement, breach of contract, unfair competition by misappropriation, and civil conspiracy.

Doc. 1, ¶¶ 25-44.  Guardian also seeks injunctive relief prohibiting Defendants from any further use of Guardian's copyrighted works and confidential information.  Doc. 1, ¶ 45-50.

**B. Procedural History**

In December 2023, all Defendants, then represented by the same counsel, filed separate Answers to Guardian's Complaint.  Doc. 8; Doc. 9; Doc. 10; Doc. 11.  Nearly one year later, the Court permitted Defendants' counsel to withdraw.  Doc. 17 at 1; Doc. 20.  However, because Polyguard is a legal entity that may only appear through licensed counsel, the Court ordered it to retain substitute counsel and have counsel enter an appearance by January 24, 2025.  Doc. 25.

When Polyguard failed to comply, the Court issued two additional notices reiterating the requirement that it retain counsel.  *See* Doc. 26 (January 30, 2025 notice); Doc. 30 (February 19, 2025 amended notice)[1].  In each Order, the Court expressly warned that failure to comply "may result in the imposition of sanctions, including the entry of judgment against it."  Doc. 26; Doc. 25; Doc. 30.  After Polyguard still failed to retain counsel, the Court ordered it to appear on April 24, 2025, and show cause why judgment should not be entered against it.  Doc. 35.  No representative appeared on Polyguard's behalf at the hearing.  *See* Doc. 40.

Concluding that Polyguard had effectively abandoned its defense of this suit, the undersigned recommended that its answer, Doc. 11, be stricken.  Doc. 54.  On July 7, 2025, the presiding district judge adopted the recommendation and directed the Clerk of Court to enter default against Polyguard.  Doc. 63.  The Clerk entered Polyguard's default the following day. Doc. 64.

---

[1] Although the Court's second notice of deficiency was filed on January 30, 2025, the notice contained a backdated compliance date of January 24, 2025.  Doc. 26 at 1.  As a result of the dating error, the Court filed an amended order and notice of deficiency, Doc. 30, setting March 3, 2025, as the new date of compliance.

On July 22, 2025, at the Court's direction, Guardian moved for default judgment.[2] Doc. 65.  Polyguard did not respond to Guardian's motion within the period allowed for responses, *see* N.D. Tex. Local Rule 7.1(e), nor has it participated in the lawsuit in any way in the intervening months.

## II. APPLICABLE LAW

Rule 55 authorizes a court to enter a default judgment against a defendant who fails to plead or otherwise defend against a plaintiff's claim.  FED. R. CIV. P. 55.  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted).  Accordingly, a party is not entitled to a default judgment merely because the defendant is technically in default.  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted).  Rather, courts have discretion to determine the appropriateness of an entry of default judgment.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In deciding whether to enter a default judgment, the court conducts a three-part analysis.  *United States v. Dimas*, No. 4:24-CV-00731, 2025 WL 33466, at *2 (N.D. Tex. Jan. 6, 2025) (O'Connor, J.).  First, the court considers whether a default judgment is procedurally warranted by examining several factors, including: (1) whether there are disputed material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the

---

[2] The Court's directive was in keeping with the docket management purpose of Local Civil Rule 55.1, which provides, "[i]f a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment.  If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant."

harshness of a default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.  *Lindsey*, 161 F.3d at 893.

Second, the court evaluates whether the pleadings provide a sufficient basis for the judgment.  *See Nishimatsu Constr. Co., v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that a plaintiff must plead sufficient facts to show it is entitled to relief).  The sufficiency of a plaintiff's complaint is assessed under Rule 8 of the Federal Rules of Civil Procedure.  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).  At this stage, the court assumes that the defaulting defendant admits all well-pleaded facts in the plaintiff's complaint, and documents attached to the complaint constitute "a part of the pleadings for all purposes."  *Nishimatsu*, 515 F.2d at 1206 (citing FED. R. CIV. P. 10(c)).

Finally, the court determines the form of relief, if any, to which the plaintiff is entitled.  *See U.S. for Use of M-CO Constr., Inc. v. Shipoco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment . . . establishes the defendant's liability. But it does not establish the amount of damages.").  Ordinarily, damages will not be awarded without an evidentiary hearing.  *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998).  But, when the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary.  *Id.* (citing *James v. Frame*, 6 F.3d 307, 309-10 (5th Cir. 1993) (noting that Rule 55(b)(2) "explicitly grants [a] district court wide latitude" in determining damages in a default judgment)).  Nevertheless, the relief available is limited to that requested in the pleadings.  *See* FED. R. CIV. P. 54(c) ("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  Thus, "[t]he burden is on the plaintiff to provide an evidentiary basis for the damages it seeks."  *United*

*States v. Garza*, No. 3:19-CV-0188, 2019 WL 4452147, at \*4 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (citation omitted).

### III. ANALYSIS

#### A. Default Judgment is Procedurally Warranted.

Applying the *Lindsey* factors, the Court finds that entry of default judgment against Polyguard is procedurally warranted.[3]  First, as discussed above, Polyguard's answer was stricken as a sanction for failing to comply with the Court's orders requiring it to retain counsel. *See* Doc. 63.  Because Polyguard failed to file a subsequent answer through licensed counsel, it is deemed to "admit the plaintiff's well-pleaded allegations of fact".  *Nishimatsu*, 515 F.2d at 1206*; see In re Pancake*, 106 F.3d 1242, 1245-46 (5th Cir. 1997) (noting that striking a defendant's only answer "create[s] a situation similar to that where no answer is filed, i.e., a no-answer default judgment.").  Accordingly, no issues of material fact remain for resolution.  *See United States v. Aliyu*, No. 3:14-CV-1424-B, 2014 WL 5697966, at \*2 (N.D. Tex. Nov. 4, 2014) (Boyle, J.) (holding no material facts were in dispute where the defendant had not filed any responsive pleadings).

Second, Polyguard's ongoing refusal to participate in this matter or comply with Court orders threatens to halt the progress of this litigation, thereby causing prejudice to Plaintiff. *D'Arcy Petroleum, LLC v. Mink,* No. 3:19-cv-02770, 2021 WL 5218223, at \*3 (N.D. Tex. Oct.

---

[3] As a preliminary matter, the Court finds that it has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Plaintiff alleges plausible violations of the federal copyright statute, 17 U.S.C. § 501, thereby establishing federal question jurisdiction, and the Court may exercise supplemental jurisdiction over the remaining state-law claims because they "derive from a common nucleus of operative facts." *Arena v. Graybar Elec. Co., Inc*, 669 F. 3d 214, 221 (5th Cir. 2012).

6, 2021) (Rutherford, J.), *rep. & rec. adopted*, 2021 WL 5213035 (N.D. Tex. Nov. 9, 2021). Given this persistent defiance, which has continued for nearly a year despite explicit warnings of sanctions, the Court finds that the grounds for default are clearly established.

Further, the record contains no evidence that Polyguard's silence stems from a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.  Although the Court's correspondence to Polyguard has repeatedly been returned as undeliverable since counsel's withdrawal, Polyguard—which is obviously aware of its status as a party through its principals— is alone responsible for keeping its contact information current in this case.  *See Ruiz v. Bank of New York*, No. 1:22-cv-00483, 2024 WL 2954409, at *2 n.1, *3 (W.D. Tex. June 11, 2024) (Ezra, J.) (holding that parties are "responsible for keeping their contact information up to date in pending cases" and cannot avoid default merely because they failed to update their addresses). Because its failure to do so is more indicative of intentional abandonment than a good faith mistake, Polyguard is not excused from a default judgment on this ground.  On the contrary, Polyguard's complete absence from this proceeding since December 1, 2024, despite having knowledge of the claims against it, further warrants the harshness of a default judgment.  Finally, the Court is not aware of any facts that would constitute 'good cause' to set aside the default, and in any event, any challenge would be negated by Polyguard's continued failure to comply with Court orders.

In sum, because all six *Lindsey* factors favor default, default judgment is procedurally warranted.

B. **There is Sufficient Basis in the Pleadings for Entry of a Default Judgment as to One of Plaintiff's Claims.**

Even when default is procedurally warranted, the pleadings must nevertheless establish a sufficient basis for relief. *Nishimatsu*, 515 F.2d at 1206. In making this determination, courts look to the standard set out in Federal Rule of Civil Procedure 8(a)(2). *See Wooten*, 788 F.3d at 498 (relying on Rule 8 to determine the sufficiency of a complaint in a default judgment action); FED. R. CIV. P. 8(a)(2) (providing the requirements for a well-pleaded claim for relief). Under this standard, plaintiff's factual allegations, taken as true, "need only be enough to raise a right to relief above a speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although "detailed factual allegations are not required" to satisfy Rule 8's "low threshold," a mere "formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the Court can draw no inference beyond the mere possibility of misconduct, the complaint falls short of demonstrating that the plaintiff is plausibly entitled to relief. *Id.* at 678.

Here, the Complaint asserts four claims against the various defendants: copyright infringement under 17 U.S.C. § 501 (Count I), breach of contract (Count II), unfair competition or common law misappropriation (Count III), and civil conspiracy (Count IV). Doc. 1 at 5-9. Plaintiff's present motion, however, does not specify on *which* of these claims it seeks default judgment. Doc. 65 at 8. Indeed, while it specifically requests an entry of default judgment against Polyguard, the only defaulting defendant, it is unclear on the motion's face whether

Plaintiff seeks default judgment on some or all of the counts alleged in the complaint.[4]  *See* Doc. 65 at 8.

The affidavit submitted in support of Plaintiff's motion offers some clarity.  Doc. 65-2. There, Plaintiff's corporate representative specifies that Plaintiff seeks, *inter alia,* $30,000 in statutory damages under the Copyright Act and $107,000 in actual damages on the breach of contract, misappropriation, and civil conspiracy claims.  Doc. 65-2, ¶¶ 23-24.  Thus, because Plaintiff apparently intends to seek judgment against Polyguard on all four claims asserted in the complaint, the Court addresses each in turn.

### 1. *Copyright Infringement (17 U.S.C. § 501).*

To prevail on a claim for copyright infringement, a plaintiff must establish (1) "ownership of a valid copyright," and (2) "'copying' by the defendant." *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  The first element, copyright ownership, is generally established "by proving the originality and copyrightability of the material and compliance with the statutory formalities." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995).  A timely obtained certificate of registration serves as *prima facie* evidence of both the copyright's validity and the registrant's ownership.  *Batiste*, 976 F.3d at 501.

---

[4] While the motion expressly seeks an entry of default on its copyright infringement and civil conspiracy claims, it fails to clearly request an entry of judgment on its breach of contract and unfair competition claims.  *See* Doc. 65 at 8.  The Court notes that this lack of specificity could, by itself, warrant denial of the motion.  *See Carter v. Oasis Tropical Café, LLC*, No. 23-cv-117, 2024 WL 1703104, at *2 (M.D. Fla. Apr. 19, 2024) (Lammens, J.) (denying motion and holding that "the court is ill-equipped to determine whether Plaintiff is entitled to default judgment" where its motion "does not identify which causes of action [it] seeks default judgment on."); *Henson v. NaturMed, Inc*, No. , 2020 WL 13442700, at *1 (D. Md. Aug 14, 2020) (Gesner, J.) (same).  However, because the claims for which Plaintiff seeks default can be discerned from its supplemental materials, the Court concludes that proceeding with the analysis best serves the interests of justice.

To satisfy the second element, a plaintiff must show both "factual copying" and "substantial similarity." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015). Factual copying can be shown through direct evidence, or it can be inferred by proof of the defendant's access to the original work and probative similarity between the works. *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001). An inference of access exists if "the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.* (emphasis in original). Finally, two works are probatively similar if they share any similarities, whether substantial or not, that would not ordinarily be expected to arise independently in each work. *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 370 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)).

#### i. Plaintiff's pleadings provide a sufficient basis for judgment on its copyright infringement claim.

Here, Plaintiff's Complaint and supporting materials sufficiently establish the elements of its copyright infringement claim. Plaintiff alleges ownership of a valid copyright in photographs used to promote its business. Doc. 1, ¶ 26. Although Plaintiff does not attach certificates of registration in support of its claim, the Complaint provides the registration number associated with the photographs. Doc. 1, ¶ 24. Accepting these allegations as true, the Court finds that Plaintiff has sufficiently pleaded its ownership of a valid copyright. *See Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 966 (N.D. Tex. 2006) (holding pleadings sufficiently established copyright's registration, even where Plaintiffs failed to attach certificates of registration or identify registration numbers, where Plaintiffs alleged the copyrights were properly registered); *Coach, Inc. v. Trendy Texas, LLC*, No. H-16-3150, 2017 WL 4652444, at *3 (S.D. Tex. Oct. 17,

2017) (Miller, J.) (finding ownership adequately pleaded where plaintiff provided the registration numbers for its allegedly copyrighted designs).

With respect to the second element, Plaintiff alleges that Polyguard "copied Plaintiff's Photographs" and published them on its website without attribution or compensation. Doc. 1, ¶¶ 21, 27. Plaintiff further contends that this publication infringed its copyright "whether the published material was identical or substantially similar to the copyrighted Photograph." Doc. 1, ¶ 29. Although the complaint does not attach the photographs or describe their content in greater detail, it identifies the dates on which Plaintiff originally posted the photographs to its Facebook page and the date Defendants were served written demands to remove the allegedly infringing photographs from Polyguard's website. Doc. 1, ¶¶ 21-22. Taken together, the Court concludes that these allegations provide Polyguard with "fair notice" of the material it is accused of copying and of the contours of Plaintiff's claim. *See Twombly*, 550 U.S. at 555 (holding that Rule 8 requires a "short and plain statement of the claim" which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests). Accordingly, Plaintiff has adequately stated a *prima facie* claim for copyright infringement.

ii. Plaintiff is not entitled to Statutory Damages under the Copyright Act.

Having determined that Plaintiff is entitled to a finding of liability against Polyguard for copyright infringement, the Court now turns to the issue of damages. Ordinarily, when infringement of a copyrighted work is established, the owner may elect to recover either: (1) actual damages plus "any additional profits of the infringer", or (2) statutory damages. 17 U.S.C. § 504(a)–(c). In addition, the Court may, in its discretion, award attorneys' fees to the prevailing party. 17 U.S.C. § 505. These remedies, however, are subject to the limitations imposed by Section 412 of the Copyright Act, *see* 17 U.S.C. § 412. Section 412 provides that "no award for

statutory damages or attorneys' fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." § 412(2).

Here, Plaintiff has elected to pursue statutory damages.  Doc. 65, ¶ 20(b); Doc. 65-2, ¶ 23.[5]  Accordingly, the availability of that remedy turns on three dates: (1) the date Plaintiff first "published its copyrighted works"; (2) the date on which Polyguard allegedly "commenced" infringement; and (3) the effective date of registration.  *See* 17 U.S.C. § 412(2).

First, both the Complaint and present motion affirm that the photographs were first published on Plaintiff's Facebook page "no later than December 1, 2021."  *See* Doc. 1, ¶ 21; Doc. 65-2, ¶ 18.  Second, Plaintiff alleges that Polyguard began infringing the works on March 29, 2023, when at least one identical or substantially similar photograph appeared on Polyguard's website.  Doc. 65-2, ¶ 17.  Third, Plaintiff acknowledges that the photographs were not registered with the Copyright Office until May 5, 2023, and thus the registration necessarily became effective sometime thereafter.  Doc. 1, ¶ 24; Doc. 65-2, ¶ 22.

Applying these dates under Section 412(2) demonstrates clearly that Polyguard's alleged infringement (March 29, 2023) "commenced *after* first publication of the work[s]" (December 1, 2021) "and *before* the effective date of their registration" (sometime after May 5, 2023).  §

---

[5] Although the Complaint seeks both actual and statutory damages on its copyright infringement claim, (*see* Doc. 1, ¶ 30), the Copyright Act makes these remedies mutually exclusive.  *See Southern Credentialing Support Servs., LLC v. Hammond Surgical Hosp., LLC*, 946 F.3d 780, 782 (5th Cir. 2020) (holding that the Copyright Act permits a copyright holder to elect statutory damages "*instead* of actual damages.") (emphasis added).  Because Plaintiff's current motion requests only statutory damages, the Court construes the omission of an actual damages request as Plaintiff's statutory election, as required by the Act.  *See* Doc. Doc. 65, ¶ 20(b); Doc. 65-2, ¶ 23.

412(2) (emphasis added).  Moreover, because Plaintiff did not register the photographs until approximately 18 months after the first publication, the registration patently falls outside Section 412's three-month grace period.[6]  Accordingly, Plaintiff cannot recover statutory damages or attorney's fees on its copyright infringement claim, notwithstanding the Court's finding of liability.[7]

### 2. Unfair Competition by Misappropriation.

Misappropriation is a common law offshoot of Texas' unfair competition doctrine and applies when the plaintiff creates a valuable "thing" that the defendant has "appropriated" at little cost.  *Jim S. Adler, P.C. v. Angel L. Reyes & Associates PC*, No. 3:19-cv-2027, 2020 WL 5099596, at *12 (N.D. Tex. Aug. 7, 2020) (Horan, J.), *rep & rec. adopted*, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020).  To state a misappropriation claim under Texas law, a plaintiff must allege: (1) "the creation of plaintiff's product through extensive time, labor, skill and money"; (2) the defendant's use of that product in competition with the plaintiff, thereby gaining a competitive advantage (*i.e.,* a "free ride") by avoiding the expense plaintiff incurred; and (3) resulting commercial damage to the plaintiff.  *Id.* at *13 (citing *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied).

---

[6] Additionally, even if Polyguard's infringement continued after the photograph's registration, as Plaintiff contends, controlling precedent nonetheless bars recovery of statutory damages for the continued infringement of the same work.  *See Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992) (holding that Section 412(2) bars statutory damages when the same defendant infringed the same work in the same fashion before and after registration); *Southern Credentialing Support Servs., LLC v. Hammond Surgical Hospital, LLC*, 946 F.3d 780, 786 (5th Cir. 2020) (holding that allowing statutory damages for post-registration infringements of the same work by the same defendant would dull the purpose of Section 412's limitation on such damages).

[7] The unavailability of statutory damages does not bar equitable relief, including Plaintiff's request for a permanent injunction, which the Court addresses *infra.  Southern Credentialing Support Servs., LLC*, 946 F.3d at 787.

Here, the complaint's generalized and conclusory allegations fail to state with sufficient specificity *what* Plaintiff claims were misappropriated and *how*.  Under Count III, Plaintiff alleges, in a conclusory fashion*,* that it "created and maintained . . . confidential information through extensive time, labor, skill and money"; that Defendants' use of that "confidential information in competition with Plaintiff afforded Defendants a special 'free ride' advantage"; and that Plaintiff has "suffered damages" as a result.  Doc. 1, ¶¶ 36-39.  Notably absent from the complaint, however, is any description or explanation of this "confidential information."  Doc. 1. Indeed, of the more than two dozen references to the term, none offers any additional facts sufficient to put the Court or Defendants on notice of the basis for Plaintiff's misappropriation claim.  *See e.g.*, Doc. 1, ¶¶ 10-16.

Such threadbare recitals of the elements of the cause of action, untethered to any concrete facts, are insufficient to satisfy Rule 8's pleading requirements.  *Iqbal*, 556 U.S. at 678*; see e.g., Best Glide Aviation Survival Equipment, Inc. v. Tag-Z, LLC*, No. 1:23-cv-1080, 2024 WL 3488129, at *7-8 (W.D. Tex. July 19, 2024) (Ezra, J.) (holding pleadings were insufficient to make out a *prima facie* claim where plaintiff "only conclus[ively] allege[d] the elements of Texas common law misappropriation without pointing the Court to specific facts to support its claim."); *Ferring B.V. v. Allergan, Inc.*, 4 F. Supp.3d 612, 630 (S.D.N.Y. 2014) (pleadings were insufficient where plaintiff alleged that defendant misappropriated its "confidential, trade secret, proprietary and privileged information" but failed to identify *what* information, innovations, or developments were allegedly misappropriated).

Accordingly, because the pleadings fail to provide a sufficient basis for relief, the Court should decline to enter default judgment on the misappropriation claim.

### 3. *Breach of Contract.*

To state a breach of contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 499–500 (5th Cir. 2018) (internal quotations omitted).  Texas law also requires privity of contract, "meaning that a non-party to a contract typically cannot be sued for breach of contract." *Fid. Funding Bus. Credit, Ltd. v. Republic Bus. Credit LLC*, No. 3:16-CV-2492, 2017 WL 4923880, at *2 (N.D. Tex. Oct. 30, 2017) (Boyle, J) (citing *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 569 (Tex. App. – El Paso 2017, pet. denied)).  Generally, the party seeking to hold a non-party liable has the burden to prove that the non-party obligated itself under the contract. *Mayers v. Addison Brown, LLC*, No. 3:19-cv-3043, 2020 WL 7646973, at *2 (N.D. Tex. Dec. 22, 2020) (Scholer, J.) (citation omitted).

Here, the pleadings fail to state a breach of contract claim against Polyguard for two reasons.  First, the complaint does not allege that Polyguard was a party to the underlying contract, nor does it identify any exception to the privity requirement that would bind it as a non-party.  On the contrary, the pleadings consistently establish that the only parties to the agreement were Plaintiff and Defendant Dallas Glenn.  *See, e.g.,* Doc. 1, ¶ 32 ("Plaintiff and Defendant Dallas Glenn had a valid contract, to wit the Redemption Agreement."); Doc. 1, ¶ 9 ("Defendant Dallas Glenn entered into a Redemption Agreement . . . with Plaintiff, to take effect on September 30, 2022.").

Second, even if the privity requirement were satisfied, the Complaint remains deficient because it asserts the breach of contract claim solely against Dallas Glenn, not Polyguard.  *See*

Doc. 1, ¶¶ 31-35.  Although Plaintiff now attempts, for the first time in its pending motions, to impose joint and several liability on Polyguard for all claims asserted in the Complaint, this eleventh-hour assertion cannot cure the pleading's defects because the theory was neither expressly alleged nor adequately pleaded in the complaint.  *See* Doc. 65-2, ¶ 27.  While a defaulting defendant is deemed to admit the plaintiff's well-pleaded factual allegations, it is "not held to admit facts that are not well-pleaded."  *Nishimatsu*, 515 F.2d at 1206; *see also* FED. R. CIV. P. 54(c) (("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Accordingly, because the complaint neither alleges a contractual obligation by Polyguard nor asserts a breach of contract claim against it, Plaintiff has failed to state a breach of contract claim against Polyguard.  Therefore, the Court should decline to enter default judgment on this claim.

### 4. Civil Conspiracy.

To the extent Plaintiff seeks final judgment and damages against Polyguard on its civil conspiracy claim, the pleadings are likewise deficient.

To establish a claim for civil conspiracy under Texas law, a plaintiff must show: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Agar Corporation, Inc. v. Electro Circuits International, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)).

Under Count IV, the Complaint unequivocally alleges that the three individual defendants—Dallas Glenn, Jordan Glenn, and Cressa Glenn—conspired to infringe upon Plaintiff's copyright and misappropriate Plaintiff's confidential information.  Doc. 1, ¶¶ 40-44.

Page 16 of 19

But nowhere does the Complaint allege that Polyguard participated in or was a party to this conspiracy, nor does it reference Polyguard in connection with the civil conspiracy claim.  *See* Doc. 1, ¶¶ 40-44.

As explained above, Polyguard cannot be held liable by default for a claim that was not alleged against it in the Complaint.  *See* FED. R. CIV. P. 54(c)*; Carlisle v. Nat'l Comm. Servs., Inc.*, No. 2017 WL 1075088, at *9 (N.D. Ga. Feb. 22, 2017) (holding defendant could not be held liable for violations of the FCRA raised for the first time in the motion for default judgment).  Accordingly, because Plaintiff asserts its civil conspiracy claim against Polyguard for the first time in its motion, it is not entitled to default judgment on this claim.

   **C.   Plaintiff is Entitled to Injunctive Relief on its Copyright Infringement Claim.**

Finally, Plaintiff seeks a permanent injunction barring Defendant from further use of both its copyrighted material and confidential information.  Doc. 1, ¶ 50.  Because Plaintiff failed to adequately plead its common law misappropriation claim based on Polyguard's alleged use of Plaintiff's confidential information, its request for injunctive relief as to that information should be denied.  *See Denman v. Wells Fargo Bank, N.A.*, No. 13-CV-11, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) (Rodriguez, J.) (holding that "a request for injunctive relief must be dismissed unless it is supported by a viable claim.").  Plaintiff has, however, prevailed on its copyright infringement claim and therefore may be entitled to an injunction barring further infringement if it satisfies the applicable prerequisites.  *Broadcast Music, Inc. v. Tex. Border Mgmt., Inc.*, 11 F.Supp. 3d 689, 696 (N.D. Tex. 2014) (Ramirez, J.) (citation omitted).

To obtain a permanent injunction in copyright cases, the plaintiff must show: "(1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) the injunction will not disserve the public interest." *Arista*

Page 17 of 19

*Records, Inc. v. Kabani*, No. 3:03-CV-1191, 2004 WL 884445, at *4. (N.D. Tex. Apr. 23, 2004) (Sanders, J.) (citing *DSC Comm'ns Corp. v. DGI Tech. Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

Here, all four requirements are satisfied. First, because a default judgment conclusively establishes liability, Plaintiff has prevailed on the merits. *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Second, given the unavailability of statutory damages in this case, no adequate remedy at law exists. Third, there has been no showing that Polyguard would suffer any harm from a permanent injunction which merely prevents continued unlawful infringement. Finally, in light of the need for fair competition, the Court concludes that a permanent injunction is abundantly in the public interest. Accordingly, the Court should grant Plaintiff's request for a permanent injunction as to its copyrighted photographs.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Final Default Judgment*, Doc. 65, should be **GRANTED** only as to Polyguard 's liability for copyright infringement under 17 U.S.C. § 501, and Plaintiff's request for a permanent injunction prohibiting Polyguard's further infringement of its copyrighted works. In all other respects, the Motion should be **DENIED**.

**SO RECOMMENDED** on March 9, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).