IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUARDIAN GARAGE MIDWEST LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1581-N-BK |
| | § | |
| POLYGUARD GARAGE OF TEXAS LLC, | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS & RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference,* Doc. 23,

*Plaintiff's Motion for Summary Judgment*, Doc. 56, is before the undersigned magistrate judge

for the issuance of findings and a recommended disposition.  Upon review, the motion should be

**GRANTED IN PART.**

## I. BACKGROUND

### A. Factual Background

On July 14, 2023, Plaintiff Guardian Garage Midwest LLC ("Guardian"), initiated this

civil action against individuals Dallas Glenn, Jordan Glenn, and Cressa Brooke Glenn

(collectively, the "Individual Defendants"), and business entity Polyguard Garage of Texas, LLC

("Polyguard").  Doc. 1 at 1-2.  This suit arises out of Defendants' alleged conspiracy to

misappropriate Guardian's confidential business information for use in the formation and

operation of Polyguard, an LLC in which the Individual Defendants are members or otherwise

closely involved.  Doc. 1 at 4-5.

The Complaint alleges that Dallas Glenn was formerly a member and employee of Guardian and was authorized to access Guardian's confidential business information.  Doc. 1 at 2-3.  In September 2022, Guardian and Dallas Glenn allegedly executed a "Redemption Agreement," which terminated Dallas' employment and extinguished his membership interest in Guardian.  Doc. 1 at 2-3.  Under the Agreement, Dallas allegedly acknowledged his prior access to Guardian's confidential information and agreed not to disclose it, make it available to others, or exploit it for any purpose without Guardian's express authorization.  Doc. 1 at 2-3.

Guardian alleges that, after the Agreement's execution, Dallas disclosed Guardian's "confidential business information" to co-defendants Jordan and Cressa Glenn, who subsequently formed Polyguard in January 2023.  Doc. 1 at 4-5.  Guardian further asserts that since Polyguard's formation, Defendants have "acted in concert to misappropriate" Guardian's confidential information and intellectual property for the operation and marketing of Polyguard's services.  Doc. 1 at 5.  According to Guardian, "such intellectual property includes, but is not limited to, certain photographs" belonging to Guardian that were posted on Polyguard's website.  Doc. 1 at 5.

Based on these allegations, Guardian asserts claims against the Defendants for copyright infringement, breach of contract, unfair competition by misappropriation, and civil conspiracy.  Doc. 1 at 5-9.

**B. Procedural History**

In December 2023, all Defendants, then represented by the same counsel, filed separate Answers to Guardian's Complaint.  Doc. 8; Doc. 9; Doc. 10; Doc. 11.  Guardian subsequently served its *First Set of Interrogatories, First Requests for Production, and First Requests for Admission* on all Defendants.  Doc. 56 at 4.  Thereafter, Defendants' counsel was permitted to

withdraw.  Doc. 17; Doc. 20.  When Defendants failed to respond to Guardian's discovery requests, Guardian moved to compel responses and requested that its 10 requests for admission be deemed admitted.  Doc. 31 at 2-3.  Because no Defendant filed a response, the Court granted the motion as unopposed and deemed the requests admitted.  Doc. 33.

Guardian subsequently moved for summary judgment against all Defendants.  Doc. 56. However, after the Court later struck Defendant Polyguard's Answer due to its failure to comply with the Court's Orders requiring it to retain replacement counsel, Guardian additionally filed a separate motion seeking default judgment against Polyguard.  Doc. 65.

In a separate report and recommendation, the undersigned has recommended that Guardian's Motion for Default Judgment against Polyguard be granted in part.  *See* Doc. 68. Accordingly, although Guardian's Motion for Summary Judgment seeks relief against all Defendants, *see* Doc. 56 at 11, the Court considers the motion only as it pertains to the Individual Defendants: Dallas Glenn, Jordan Glenn, and Cressa Glenn.

Only Cressa Glenn, proceeding *pro se*, filed a response to Guardian's motion within the time allotted to do so.[1]  *See* Doc. 62.  Dallas Glenn and Jordan Glenn have neither responded to the motion nor otherwise participated in this action since their counsel was permitted to withdraw in December 2024.  *See* Doc. 20.

---

[1] Although Cressa's response appears to oppose Guardian's motion on behalf of herself and the other individual defendants, *see* Doc. 62, she is not a licensed attorney and therefore may only appear on her own behalf in federal court.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021-1022 (5th Cir. 1998) ("in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); 28 U.S.C.A. § 1654 (permitting only two types of representation-by an attorney admitted to practice law or by a person representing himself). Accordingly, the Court considers Cressa's response only as it pertains to her individually.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting a since-amended version of FED. R. CIV. P. 56(c)); FED. R. CIV. P. 56(a).  A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the summary judgment record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322; FED. R. CIV. P. 56(c).

If the moving party makes the requisite initial showing, the nonmoving party must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)).  When determining whether a genuine issue of material fact has been established, courts "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (cleaned up).  "Where the record taken as a whole could not lead a trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

A motion for summary judgment cannot be granted merely because there is no opposition to it.  *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th

Cir. 1985).  Rather, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Id.*  Nevertheless, the court may accept as undisputed any facts listed in support of the motion for summary judgment.  *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  Accordingly, if the movant's uncontested submissions establish a prima facie entitlement to summary judgment, the court may properly grant the motion.

## III. ANALYSIS

### A. Copyright Infringement (17 U.S.C. § 501)

#### 1. Guardian is Entitled to Summary Judgment on its Copyright Infringement Claim.

Guardian moves for summary judgment on its copyright infringement claim against Defendants, contending that there is no genuine dispute that the Defendants copied and displayed at least one of Guardian's photographs without attribution or compensation.  Doc. 56 at 13.  To prevail on a claim for copyright infringement, a plaintiff must establish (1) "ownership of a valid copyright," and (2) "'copying' by the defendant."  *Batiste v. Lewis*, 976  F.3d 493, 501 (5th Cir. 2020) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

In support of its motion, Guardian produces the following uncontroverted evidence: (1) copies of the copyrighted photographs at issue (Doc. 56-4 at 7-8); (2) a screenshot showing the photographs as they appeared on Guardian's social media page (Doc. 56-4 at 9); (3) a certificate of copyright registration (Doc. 56-9), which Stephen Anderson attests covers the photographs at issue; and (4) Defendants' deemed admission that they used "Plaintiff's confidential information, including photographs, which were posted on Defendant Polyguard['s] website," (Doc. 31-1 at 14, Pl's Req. for Admission No. 6); (5) a certificate of formation for Polyguard LLC listing Cressa Glenn and Jordan Glenn as managing members (Doc. 56-6 at 1-2); and (6) a screenshot

purportedly showing the infringing use of at least one copyrighted photographs on the polyguardgarage.com website (Doc. 56-4 at 6).

Taken together, this evidence sufficiently establishes each element of Guardian's copyright infringement claim.  The certificate of registration is *prima facie* evidence of both the copyright's validity and the registrant's ownership.  *Batiste*, 976 F.3d at 501.  Defendants have offered no evidence rebutting Guardian's ownership and, thus, the first element is satisfied.  *Id.*

The second element—copying—is likewise satisfied through evidence of Defendant's access to the original work and probative similarities between the original work and the allegedly infringing work.  *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001).  In an Affidavit submitted in support of their motion, Guardian's corporate representative Stephen Andersen attests that Dallas Glenn was authorized to access Guardian's confidential business information, including the photographs at issue, during his employment with Guardian.  Doc. 56-4 at 2. Andersen further attests that Dallas Glenn retained these photographs and later disseminated them to co-defendants Jordan Glenn, Cressa Glenn, and Polyguard.  Doc. 56-4 at 2-3.  This evidence establishes a "reasonable possibility" that Defendants had access to the copyrighted works.  See *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 113 (5th Cir. 1978) ("Access . . . include[s] an opportunity to view the copyrighted work.").

Finally, although the question of similarity should normally be left to the factfinder, summary judgment is appropriate "when the similarities between plaintiff's and defendant's works are so overwhelming as to preclude the possibility of independent creation" and the court concludes that no reasonable juror could make a contrary finding.  *Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 393 F.Supp.3d 557, 569 (S.D. Tex. 2019); *Biggs v. Cabela's, Inc.*, No. 4:03-CV-205, 2004 WL 530167, at *4 (N.D. Tex. Feb. 23, 2004)

(McBryde, J.) (citing *Peel*, 238 F.3d at 395).  In the instant case, after conducting a side-by-side comparison of Guardian's photographs with the images appearing on Polyguard's website, the Court concludes that at least one image posted on Polyguard's website is either identical or strikingly similar to Guardian's copyrighted work.  *Compare* Doc. 56-4 at 8, *with* Doc. 56-4 at 6. Indeed, the similarities between the photographs are so striking that no reasonable juror could conclude that the images were the result of independent creation.  *Mendez*, 393 F.Supp.3d at 569.

Because the undisputed evidence establishes Guardian's ownership of a valid copyright and Defendants' copying of the work, Guardian has demonstrated entitlement to summary judgment as a matter of law.  Accordingly, summary judgment should be granted in favor of Guardian as to the Individual Defendants' liability for copyright infringement.

### 2. Guardian is Not Entitled to Statutory Damages or Attorneys' Fees on its Copyright Infringement Claim.

The Copyright Act provides that a prevailing plaintiff may elect to recover either actual damages plus "any additional profits of the infringer," or statutory damages.  17 U.S.C. § 504(a)-(c).  Statutory damages, however, are subject to the limitations imposed by Section 412 of the Copyright Act, *see* 17 U.S.C. § 412.  Section 412 provides that "no award for statutory damages or attorneys' fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  *Id.* § 412(2).

Guardian seeks $30,000 in statutory damages, representing the maximum award allowed for the single infringed photograph.  Doc. 56 at 14, 16; *see also* 17 U.S.C. § 504(c)(1) (authorizing statutory damages of $750 to $30,000 per infringed work).  However, Guardian is precluded from recovering statutory damages because the photograph was neither registered

before Defendants' infringement nor within three months of its initial publication on Guardian's Facebook page. *See* Doc. 1 at 5 (stating that photographs were first published "no later than December 1, 2021"); Doc. 56-4 at 3 (noting that infringing photograph appeared on Polyguard's website from March 29, 2023, to July 14, 2023); Doc. 56-9 (certificate of registration reflecting an effective registration date of May 5, 2023).

Accordingly, notwithstanding Defendants' liability for copyright infringement, Guardian is not entitled to statutory damages or attorneys' fees on this claim. *See* 17 U.S.C. § 412(2). Guardian's request for $30,000 in statutory damages and attorneys' fees as provided under the Copyright Act should therefore be denied.

### B. Breach of Contract

Although the Complaint appears to assert a breach of contract claim only against Defendant Dallas Glenn, Guardian moves for summary judgment on this claim against all "Defendants" for breach of the Redemption Agreement. *Compare* Doc. 1 at 6-7, *with* Doc. 56 at 13. To prevail on a breach of contract claim under Texas law, a plaintiff must establish: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 499–500 (5th Cir. 2018) (internal quotations omitted). "The existence of a contract between the parties is essential to a breach of contract action." *Employers Mut. Cas. Co. v. Maya*, No. 2005 WL 1017814, at *2 (N.D. Tex. Apr. 29, 2005) (Boyle, J.) (citing *Frazin v. Hanley*, 130 S.W.3d 373, 376 (Tex. App.—Dallas 2004, no pet.)).

Here, Guardian's requests for admission, which have been deemed admitted, conclusively establish that "Defendant Dallas Glenn signed and entered into a Redemption

Agreement with Plaintiff." *See* Doc. 31-1 at 14 (Pl's Req. for Admission No. 3); Doc. 33.

However, Guardian does not allege, and the summary judgment record contains no evidence of,

a contractual relationship between Guardian and Defendants Jordan Glenn or Cressa Glenn. *See*

Doc. 1 at 6-7. Although Guardian now seeks to hold the Defendants "jointly and severally

liable" under the Agreement, the Complaint does not assert this theory, nor does Guardian

provide any basis for imposing liability on Cressa Glenn or Jordan Glenn as non-parties to the

Agreement. Because the evidence shows that the only parties to the Agreement were Guardian

and Dallas Glenn, Guardian is not entitled to summary judgment against Jordan Glenn and

Cressa Glenn, and any breach of contract claims asserted against them should be dismissed.

With respect to Defendant Dallas Glenn, however, the summary judgment record

establishes that he was a party to the Agreement. Doc. 31-1 at 14 (Pl's Req. for Admission No.

3). Dallas Glenn does not dispute that Guardian performed its obligations under the Agreement,

and the second element of Guardian's breach of contract claim is therefore satisfied. Doc. 8 at 3;

Doc. 56-4 at 3. Guardian further alleges that Dallas Glenn breached the Agreement by "using

Plaintiff's copyrighted works in violation of the agreement." Doc. 56 at 13. The Agreement

expressly prohibited Dallas Glenn from "exploit[ing] or attempt[ing] to exploit, commercially or

otherwise, appropriate for [his] use or reproduce in any form, all or any part of [Guardian's]

Confidential Information unless specifically authorized" to do so. Doc. 56-3 at 3.

In support, Guardian provides the affidavit of Stephen Anderson, who attests that Dallas

Glenn disseminated confidential information, including at least one photograph, to the other co-

defendants. Doc. 56-4 at 2-3. However, the photograph[2] that Guardian indicates was first

---

[2] Although Guardian repeatedly refers to "photographs," it offered evidence of a single photograph that was published to Polyguard's website.

published on its own website, *see* Doc. 1 at 5, is specifically excluded from the definition of "Confidential Information" in the Agreement. *See* Doc. 56-3 at 3 (excepting from the definition of Confidential Information "any information voluntarily disclosed to the public as authorized by the Company,"). On this record, Guardian has not demonstrated that there is no genuine issue of material fact as to Dallas Glenn's breach of the Agreement. Consequently, Guardian's motion for summary judgment as to this claim should be denied as to all Defendants.

### C. Misappropriation

Guardian next seeks summary judgment against Defendants on its common law misappropriation claim. Doc. 56 at 14-15. Under Texas law, a misappropriation claim requires Guardian to establish that: (1) Guardian created a "product through extensive time, labor, skill and money"; (2) Defendants' used that product in competition with plaintiff, thereby gaining a competitive advantage; and (3) Guardian suffered commercial damage as a result. *Jim S. Adler, P.C. v. Angel L. Reyes & Associates PC*, No. 3:19-cv-2027, 2020 WL 5099596, at *13 (N.D. Tex. Aug. 7, 2020) (Horan, J.), *rep & rec. adopted*, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (citing *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied).

Here, the Complaint fails to state sufficient facts to establish any of the elements of a misappropriation claim, and nothing in the summary judgment record cures this defect. As in the Complaint, Guardian's motion alleges only that it "created and maintained confidential information through extensive time, labor, skill, and money," without specifying what information was misappropriated or how its creation required substantial effort. *See* Doc. 56 at 15. These conclusory allegations, unsupported by any factual detail, are insufficient to meet even the minimal pleading standards. *See, e.g., Ferring B.V. v. Allergan, Inc.*, 4 F. Supp.3d 612,

630 (S.D.N.Y. 2014) (pleadings were insufficient to state a claim where plaintiff alleged only misappropriation of "confidential, trade secret, proprietary and privileged information" without specifying what information was misappropriated).

Because Guardian has failed to provide any factual support for its claim, it cannot meet its burden for summary judgment. Accordingly, Guardian is not entitled to summary judgment on the misappropriation claim, and the claim should be dismissed, *sua sponte*, for failure to state a claim under Rule 12(b)(6). *See Miller v. Sam Houston State Univ.,* 986 F.3d 880, 888 (authorizing *sua sponte* dismissal for failure to state a claim, so long as "the plaintiff has alleged [its] best case.").

### D. Civil Conspiracy

Finally, Guardian seeks summary judgment on its claim that the Individual Defendants engaged in a civil conspiracy to misappropriate Guardian's copyrighted works and publish them on Polyguard's website. Doc. 56 at 15. To establish a claim for civil conspiracy under Texas law, a plaintiff must show: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Agar Corporation, Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). Civil conspiracy is a "derivative tort," meaning that a "defendant's liability for conspiracy depends on participation in some underlying tort[.]" *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).

In the case *sub judice*, Guardian submits that the Individual Defendants conspired to infringe upon Guardian's copyright and to misappropriate Guardian's confidential information. Doc. 1 at 8-9, ¶¶ 41-43. However, because Guardian's misappropriation claim fails, Guardian

cannot maintain a conspiracy claim predicated on that alleged tort.  *See Wickfire, LLC v. Woodruff,* 989 F.3d 343, 358 (5th Cir. 2021) (noting that, under Texas law, "a civil conspiracy claim is connected to the underlying tort and survives or falls alongside it.").

Moreover, although Guardian prevails on its copyright infringement claims, as explained *supra*, Guardian is not entitled to statutory damages under 17 U.S.C. § 412(2), and the record contains no evidence of actual damages resulting from Defendants' infringement.  Under Texas law, "[c]ivil conspiracy depends entirely on the injury caused by the underlying tort; the injury is the damage from the underlying wrong, not the conspiracy itself." *Agar*, 580 S.W.3d at 141. Because Guardian has not demonstrated any injury proximately caused by Defendants' infringement, there is no factual basis to conclude that it suffered damages as a result of the alleged conspiracy.  *See, e.g., First United Pentecostal Church of Beaumont v. Parker,* 520 S.W.3d 53, 52 (Tex. App.—Beaumont 2015), *aff'd in relevant part*, 514 S.W.3d 214, 224 (Tex. 2017) (affirming denial of summary judgment on civil conspiracy claim where the plaintiff failed to produce any evidence that its damages were caused by the underlying wrongful conduct). Accordingly, Guardian is not entitled to summary judgment on its civil conspiracy claim.[3]

---

[3] The Court notes that several courts have held that civil conspiracy claims predicated solely on copyright infringement may be preempted by the federal Copyright Act.  *See, e.g., M-I LLC v. Stelly*, 733 F.Supp.2d 759, 791 (S.D. Tex. 2010) (holding that civil conspiracy claim was preempted by the Copyright act because "the intent element" of the conspiracy claim "does not constitute qualitatively different conduct" than that underlying a federal copyright claim); *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 588 (S.D. Tex. 2011) (same); *Raj v. Murphy*, No. 3:17-CV-357, 2019 WL 982863, at *7 (S.D. Miss. Feb. 28, 2019) (Reeves, J.) (same). Nevertheless, because the Court concludes that Guardian is not entitled to summary judgment on its civil conspiracy claim and preemption is an affirmative defense, the Court declines to address the issue of preemption *sua sponte*.

**E. Entitlement to Injunctive Relief**

Guardian seeks a permanent injunction barring Defendants from further use of both its copyrighted material and confidential information.  Doc. 1.  Because Guardian has prevailed on its copyright infringement claim, it may be entitled to an injunction barring further infringement if it satisfies the applicable prerequisites.  *Broadcast Music, Inc. v. Tex. Border Mgmt., Inc.*, 11 F.Supp. 3d 689, 696 (N.D. Tex. 2014) (Ramirez, J.) (citation omitted).

To obtain a permanent injunction in copyright cases, the plaintiff must show: "(1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) the injunction will not disserve the public interest." *Arista Records, Inc. v. Kabani*, No. 3:03-CV-1191, 2004 WL 884445, at *4. (N.D. Tex. Apr. 23, 2004) (Sanders, J.) (citing *DSC Comm'ns Corp. v. DGI Tech. Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

All four requirements are satisfied here.  First, Guardian is entitled to summary judgment in its favor on the copyright infringement claim; thus, it has prevailed on the merits.  Second, given the unavailability of statutory damages in this case, no adequate remedy at law exists.  Third, there has been no showing that Defendants would suffer any harm from a permanent injunction which merely prevents continued unlawful infringement.  Finally, considering the need for fair competition, the Court concludes that a permanent injunction is abundantly in the public interest.  Accordingly, the Court should grant Plaintiff's request for a permanent injunction as to the unauthorized use of its copyrighted photographs.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Summary Judgment*, Doc. 56, should be **GRANTED** only as to Dallas Glenn's, Jordan Glenn's, and Cressa Glenn's liability for Copyright Infringement under 17 U.S.C. § 501, and Plaintiff's request for a permanent injunction

13

prohibiting Polyguard's further infringement of its copyrighted works.  In all other respects, the

motion should be **DENIED.**

   **SO RECOMMENDED** on March 10, 2026.


        RENEE HARRIS TOLIVER
        UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).